CSD 1140 [05/05/10]
Name, Address, Telephone No. & I.D. No.

Michael G. Klein
830 Bluffcrest Lane
Encinitas, CA 92024
760-652-5052

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991



FILED
ENTERED
LODGED
RECEIVED

APR ~~MAR~~ - 6 2011

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY MC          DEPUTY

In Re

Ruth Blanca Solorio

Debtor.

BANKRUPTCY NO.

11-02070-LT7

## NOTICE OF OBJECTIONS TO DEBTOR'S CLAIM OF EXEMPTIONS AND OPPORTUNITY FOR HEARING

TO THE ABOVE-NAMED DEBTOR AND ATTORNEY OF RECORD, IF ANY:

I, Michael G. Klein, hereby declare that I am:

[✓] a creditor holding a claim against your estate,

[ ] the trustee appointed to administer your estate, or [ ] the United States Trustee,

and that I hereby object to your claim of exemption (Schedule C) filed on 2/9/2011,

with specific reference to the following described property of this estate:
2132 Vuelta Court
Carlsbad, CA 92009

You are required to attach and serve declarations supporting your objections in accordance with Local Bankruptcy Rule 9013-2(a)(2).

If you object to the proposed action:

1. **YOU ARE REQUIRED** to obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to your bankruptcy case. *If a Chapter 7, 11, or 12 case*, determine which deputy to call by looking at the Bankruptcy Case No. in the caption on Page 1 of this notice. If the case number is followed by the letter:

   - MM   -   call (619) 557-7407   -   DEPARTMENT ONE (Room 218)
   - LA   -   call (619) 557-6594   -   DEPARTMENT TWO (Room 118)
   - LT   -   call (619) 557-6018   -   DEPARTMENT THREE (Room 129)
   - PB   -   call (619) 557-5157   -   DEPARTMENT FOUR (Room 328)
   - JM   -   call (619) 557-6019   -   DEPARTMENT FIVE (Room 318)

   *For ALL Chapter 13 cases*, call (619) 557-5955.

2. **WITHIN TWENTY-EIGHT (28)[1] DAYS FROM THE DATE OF SERVICE OF THIS MOTION**, you are further required to serve a copy of your DECLARATION IN OPPOSITION TO MOTION and separate REQUEST AND NOTICE OF HEARING [Local Form CSD 1184[2]] upon the undersigned moving party, together with any opposing papers. The opposing declaration shall be signed and verified in the manner prescribed by Federal Rule of Bankruptcy Procedure 9011, and the declaration shall:

---

[1] If you were served electronically or by mail, you have three (3) additional days to take the above-stated actions.
[2] You may obtain Local Form CSD 1184 from the office of the Clerk of the U.S. Bankruptcy Court.

CSD 1140

02070 not
8 BC

    a. identify the interest of the opposing party; and

    b. state, with particularity, the grounds for the opposition.

3. **YOU MUST** file the original and one copy of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, no later than the next business day following the date of service.

IF YOU FAIL TO SERVE YOUR "DECLARATION IN OPPOSITION TO INTENDED ACTION" AND "REQUEST AND NOTICE OF HEARING" within the 28-day[2] period provided by this notice, NO HEARING SHALL TAKE PLACE, you shall lose your opportunity for hearing, and the objecting party may proceed to take the intended action.

DATED: 3/28/2011

[ ] Trustee     [✓] Creditor     [ ] U.S. Trustee

*/s/ Michael G. Klein*

CERTIFICATE OF SERVICE

I, the undersigned whose address appears below, certify:

That I am, and at all time hereinafter mentioned was, more than 18 years of age;

That on 28 day of March, 2011, I served a true copy of the within NOTICE OF OBJECTIONS TO DEBTOR'S CLAIM OF EXEMPTIONS AND OPPORTUNITY FOR HEARING, together with the following pleadings [describe any other papers]:

by [describe here mode of service]:

on the following persons [set forth name and address of each person served] and/or as checked below:

[✓] For Chpt. 7, 11, & 12 cases:    [ ] For ODD numbered Chapter 13 cases:    [ ] For EVEN numbered Chapter 13 cases:

| UNITED STATES TRUSTEE<br>Department of Justice<br>402 West Broadway, Suite 600<br>San Diego, CA 92101 | THOMAS H. BILLINGSLEA, JR., TRUSTEE<br>530 "B" Street, Suite 1500<br>San Diego, CA 92101 | DAVID L. SKELTON, TRUSTEE<br>525 "B" Street, Suite 1430<br>San Diego, CA 92101-4507 |
|---|---|---|

✓ Gregory Akers
PO Box 26219
San Diego, CA 92196
858-635-9350

[✓] Attorney for Debtor (or Debtor):

Larry D. Sorrell #87034
Sorrell Law Offices
7668 EL CAMINO REAL
#104-726
La Costa, CA 92009
760-271-6213

I certify under penalty of perjury that the foregoing is true and correct.

Executed on 3/28/2011
(Date)

Michael G. Klein
(Typed Name and Signature)

830 Bluffcrest Lane
(Address)

Encinitas, CA 92024
(City, State, ZIP Code)

CSD 1140



**CALIFORNIA ASSOCIATION OF REALTORS®**

# RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT
(C.A.R. Form LR, Revised 1/06)

_Ruth Solorio_ ("Landlord") and
_Michael Geoffrey Klein, Susan Klein_ ("Tenant") agree as follows:

1. **PROPERTY:**
   A. Landlord rents to Tenant and Tenant rents from Landlord, the real property and improvements described as: _2132 Vuelta Court, Carlsbad CA 92009_ ("Premises").
   B. The Premises are for the sole use as a personal residence by the following named person(s) only: _Michael Geoffrey Klein, Susan Klein and 1-daughter_
   C. The following personal property, maintained pursuant to paragraph 11, is included: _stainless steel refrigerator, stove, microwave_ or ☐ (if checked) the personal property on the attached addendum.

2. **TERM:** The term begins on (date) _March 5, 2010_ ("Commencement Date"), (Check A or B):
   ☐ A. **Month-to-Month:** and continues as a month-to-month tenancy. Tenant may terminate the tenancy by giving written notice at least 30 days prior to the intended termination date. Landlord may terminate the tenancy by giving written notice as provided by law. Such notices may be given on any date.
   ☒ B. **Lease:** and shall terminate on (date) _March 4, 2011_ at _11:30_ ☐ AM/ ☒ PM. Tenant shall vacate the Premises upon termination of the Agreement, unless: (i) Landlord and Tenant have extended this agreement in writing or signed a new agreement; (ii) mandated by local rent control law; or (iii) Landlord accepts Rent from Tenant (other than past due Rent), in which case a month-to-month tenancy shall be created which either party may terminate as specified in paragraph 2A. Rent shall be at a rate agreed to by Landlord and Tenant, or as allowed by law. All other terms and conditions of this Agreement shall remain in full force and effect.

3. **RENT:** "Rent" shall mean all monetary obligations of Tenant to Landlord under the terms of the Agreement, except security deposit.
   A. Tenant agrees to pay $ _2,650.00_ per month for the term of the Agreement.
   B. Rent is payable in advance on the 1st (or ☐ _____ ) day of each calendar month, and is delinquent on the next day.
   C. If Commencement Date falls on any day other than the day Rent is payable under paragraph 3B, and Tenant has paid one full month's Rent in advance of Commencement Date, Rent for the second calendar month shall be prorated based on a 30-day period.
   D. **PAYMENT:** Rent shall be paid by ☒ personal check, ☐ money order, ☒ cashier's check, or ☐ other _cash_, to (name) _Ruth Solorio,_ (phone) _____ at (address) _7668 El Camino Real #104-726, La Costa CA 92009_ (or at any other location subsequently specified by Landlord in writing to Tenant) between the hours of _____ and _____ on the following days _____. If any payment is returned for non-sufficient funds ("NSF") or because tenant stops payment, then, after that: (i) Landlord may, in writing, require Tenant to pay Rent in cash for three months and (ii) all future Rent shall be paid by ☐ money order, or ☐ cashier's check.

4. **SECURITY DEPOSIT:**
   A. Tenant agrees to pay $ _3,000.00_ as a security deposit. Security deposit will be ☒ transferred to and held by the Owner of the Premises, or ☐ held in Owner's Broker's trust account.
   B. All or any portion of the security deposit may be used, as reasonably necessary, to: (i) cure Tenant's default in payment of Rent (which includes Late Charges, NSF fees or other sums due); (ii) repair damage, excluding ordinary wear and tear, caused by Tenant or by a guest or licensee of Tenant; (iii) clean Premises, if necessary, upon termination of the tenancy; and (iv) replace or return personal property or appurtenances. SECURITY DEPOSIT SHALL NOT BE USED BY TENANT IN LIEU OF PAYMENT OF LAST MONTH'S RENT. If all or any portion of the security deposit is used during the tenancy, Tenant agrees to reinstate the total security deposit within five days after written notice is delivered to Tenant. Within 21 days after Tenant vacates the Premises, Landlord shall: (1) furnish Tenant an itemized statement indicating the amount of any security deposit received and the basis for its disposition and supporting documentation as required by California Civil Code § 1950.5(g); and (2) return any remaining portion of the security deposit to Tenant.
   C. Security deposit will not be returned until all Tenants have vacated the Premises and all keys returned. Any security deposit returned by check shall be made out to all Tenants named on this Agreement, or as subsequently modified.
   D. No interest will be paid on security deposit unless required by local law.
   E. If the security deposit is held by Owner, Tenant agrees not to hold Broker responsible for its return. If the security deposit is held in Owner's Broker's trust account, and Broker's authority is terminated before expiration of this Agreement, and security deposit is released to someone other than Tenant, then Broker shall notify Tenant, in writing, where and to whom security deposit has been released. Once Tenant has been provided such notice, Tenant agrees not to hold Broker responsible for the security deposit.

5. **MOVE-IN COSTS RECEIVED/DUE:** Move-in funds made payable to _Ruth Solorio_ shall be paid by ☒ personal check, ☐ money order, or ☒ cashier's check.

| Category | Total Due | Payment Received | Balance Due | Date Due |
|---|---|---|---|---|
| Rent from _03/05/2010_ to _04/04/2010_ (date) | $2,650.00 | | $2,650.00 | 02/25/2010 |
| *Security Deposit | $3,000.00 | | $3,000.00 | 02/25/2010 |
| Other _____ | | | | |
| Other _____ | | | | |
| Total | $5,650.00 | | $5,650.00 | 02/25/2010 |

*The maximum amount Landlord may receive as security deposit, however designated, cannot exceed two months' Rent for unfurnished premises, or three months' Rent for furnished premises.

Tenant's Initials ( _ML_ )( _2/25/10_ )
Landlord's Initials ( _RS_ )( _____ )

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1991-2007, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

Reviewed by _____ Date _____

LR REVISED 1/06 (PAGE 1 OF 6)

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 1 OF 6)**

Prepared using WINForms® software

Premises: <u>2132 Vuelta Court</u>
<u>Carlsbad , CA  92009</u>                                                                              Date: <u>February 25, 2010</u>

6. **LATE CHARGE; RETURNED CHECKS:**
   A. Tenant acknowledges either late payment of Rent or issuance of a returned check may cause Landlord to incur costs and expenses, the exact amounts of which are extremely difficult and impractical to determine. These costs may include, but are not limited to, processing, enforcement and accounting expenses, and late charges imposed on Landlord. If any installment of Rent due from Tenant is not received by Landlord within 5 (or ☐ _____ ) **calendar days** after the date due, or if a check is returned, Tenant shall pay to Landlord, respectively, an additional sum of $ <u>50.00</u> or _____ % of the Rent due as a Late Charge and $25.00 as a NSF fee for the first returned check and $35.00 as a NSF fee for each additional returned check, either or both of which shall be deemed additional Rent.
   B. Landlord and Tenant agree that these charges represent a fair and reasonable estimate of the costs Landlord may incur by reason of Tenant's late or NSF payment. Any Late Charge or NSF fee due shall be paid with the current installment of Rent. Landlord's acceptance of any Late Charge or NSF fee shall not constitute a waiver as to any default of Tenant. Landlord's right to collect a Late Charge or NSF fee shall not be deemed an extension of the date Rent is due under paragraph 3 or prevent Landlord from exercising any other rights and remedies under this Agreement and as provided by law.

7. **PARKING: (Check A or B)**
   ☐ A. Parking is permitted as follows: _____
   _____
   The right to parking ☐ is ☐ is not included in the Rent charged pursuant to paragraph 3. If not included in the Rent, the parking rental fee shall be an additional $ _____ per month. Parking space(s) are to be used for parking properly licensed and operable motor vehicles, except for trailers, boats, campers, buses or trucks (other than pick-up trucks). Tenant shall park in assigned space(s) only. Parking space(s) are to be kept clean. Vehicles leaking oil, gas or other motor vehicle fluids shall not be parked on the Premises. Mechanical work or storage of inoperable vehicles is not permitted in parking space(s) or elsewhere on the Premises.
   OR ☐ B. Parking is not permitted on the Premises.

8. **STORAGE: (Check A or B)**
   ☐ A. Storage is permitted as follows: _____
   The right to storage space ☐ is, ☐ is not, included in the Rent charged pursuant to paragraph 3. If not included in the Rent, storage space fee shall be an additional $ _____ per month. Tenant shall store only personal property Tenant owns, and shall not store property claimed by another or in which another has any right, title or interest. Tenant shall not store any improperly packaged food or perishable goods, flammable materials, explosives, hazardous waste or other inherently dangerous material, or illegal substances.
   OR ☐ B. Storage is not permitted on the Premises.

9. **UTILITIES:** Tenant agrees to pay for all utilities and services, and the following charges: <u>trash collection</u> _____ except _____, which shall be paid for by Landlord. If any utilities are not separately metered, Tenant shall pay Tenant's proportional share, as reasonably determined and directed by Landlord. If utilities are separately metered, Tenant shall place utilities in Tenant's name as of the Commencement Date. Landlord is only responsible for installing and maintaining one usable telephone jack and one telephone line to the Premises. Tenant shall pay any cost for conversion from existing utilities service provider.

10. **CONDITION OF PREMISES:** Tenant has examined Premises and, if any, all furniture, furnishings, appliances, landscaping and fixtures, including smoke detector(s).
    **(Check all that apply:)**
    ☒ A. Tenant acknowledges these items are clean and in operable condition, with the following exceptions: _____
    _____
    ☐ B. Tenant's acknowledgment of the condition of these items is contained in an attached statement of condition (C.A.R. Form MIMO).
    ☐ C. Tenant will provide Landlord a list of items that are damaged or not in operable condition within 3 (or ☐ _____ ) **days** after Commencement Date, not as a contingency of this Agreement but rather as an acknowledgment of the condition of the Premises.
    ☐ D. Other: _____

11. **MAINTENANCE:**
    A. Tenant shall properly use, operate and safeguard Premises, including if applicable, any landscaping, furniture, furnishings and appliances, and all mechanical, electrical, gas and plumbing fixtures, and keep them and the Premises clean, sanitary and well ventilated. Tenant shall be responsible for checking and maintaining all smoke detectors and any additional phone lines beyond the one line and jack that Landlord shall provide and maintain. Tenant shall immediately notify Landlord, in writing, of any problem, malfunction or damage. Tenant shall be charged for all repairs or replacements caused by Tenant, pets, guests or licensees of Tenant, excluding ordinary wear and tear. Tenant shall be charged for all damage to Premises as a result of failure to report a problem in a timely manner. Tenant shall be charged for repair of drain blockages or stoppages, unless caused by defective plumbing parts or tree roots invading sewer lines.
    B. ☐ Landlord ☐ Tenant shall water the garden, landscaping, trees and shrubs, except: _____
    _____
    C. ☒ Landlord ☐ Tenant shall maintain the garden, landscaping, trees and shrubs, except: _____
    _____
    D. ☒ Landlord ☐ Tenant shall maintain <u>pool and spa</u> _____
    E. Tenant's failure to maintain any item for which Tenant is responsible shall give Landlord the right to hire someone to perform such maintenance and charge Tenant to cover the cost of such maintenance.
    F. The following items of personal property are included in the Premises without warranty and Landlord will not maintain, repair or replace them: <u>remote control devices for the garage door</u> _____.

Tenant's Initials   ( ML )( 2/25/10 )
Landlord's Initials ( LS )( _____ )

Copyright © 1994-2007, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
**LR REVISED 1/06 (PAGE 2 OF 6)**

Reviewed by _____ Date _____

EQUAL HOUSING OPPORTUNITY

Premises: *2132 Vuelta Court*
*Carlsbad, CA 92009*                                                                 Date: *February 25, 2010*

12. **NEIGHBORHOOD CONDITIONS:** Tenant is advised to satisfy him or herself as to neighborhood or area conditions, including schools, proximity and adequacy of law enforcement, crime statistics, proximity of registered felons or offenders, fire protection, other governmental services, availability, adequacy and cost of any speed-wired, wireless internet connections or other telecommunications or other technology services and installations, proximity to commercial, industrial or agricultural activities, existing and proposed transportation, construction and development that may affect noise, view, or traffic, airport noise, noise or odor from any source, wild and domestic animals, other nuisances, hazards, or circumstances, cemeteries, facilities and condition of common areas, conditions and influences of significance to certain cultures and/or religions, and personal needs, requirements and preferences of Tenant.

13. **PETS:** Unless otherwise provided in California Civil Code § 54.2, no animal or pet shall be kept on or about the Premises without Landlord's prior written consent, except: _____ .

14. **RULES/REGULATIONS:**
    A. Tenant agrees to comply with all Landlord rules and regulations that are at any time posted on the Premises or delivered to Tenant. Tenant shall not, and shall ensure that guests and licensees of Tenant shall not, disturb, annoy, endanger or interfere with other tenants of the building or neighbors, or use the Premises for any unlawful purposes, including, but not limited to, using, manufacturing, selling, storing or transporting illicit drugs or other contraband, or violate any law or ordinance, or commit a waste or nuisance on or about the Premises.
    B. **(If applicable, check one)**
       ☐ 1. Landlord shall provide Tenant with a copy of the rules and regulations within _____ days or _____ .
    OR ☐ 2. Tenant has been provided with, and acknowledges receipt of, a copy of the rules and regulations.

15. ☐ **(If checked) CONDOMINIUM; PLANNED UNIT DEVELOPMENT:**
    A. The Premises is a unit in a condominium, planned unit development, common interest subdivision or other development governed by a homeowners' association ("HOA"). The name of the HOA is _____ .
    Tenant agrees to comply with all HOA covenants, conditions and restrictions, bylaws, rules and regulations and decisions. Landlord shall provide Tenant copies of rules and regulations, if any. Tenant shall reimburse Landlord for any fines or charges imposed by HOA or other authorities, due to any violation by Tenant, or the guests or licensees of Tenant.
    B. **(Check one)**
       ☐ 1. Landlord shall provide Tenant with a copy of the HOA rules and regulations within _____ days or _____ .
    OR ☐ 2. Tenant has been provided with, and acknowledges receipt of, a copy of the HOA rules and regulations.

16. **ALTERATIONS; REPAIRS:** Unless otherwise specified by law or paragraph 28C, without Landlord's prior written consent, (i) Tenant shall not make any repairs, alterations or improvements in or about the Premises including: painting, wallpapering, adding or changing locks, installing antenna or satellite dish(es), placing signs, displays or exhibits, or using screws, fastening devices, large nails or adhesive materials; (ii) Landlord shall not be responsible for the costs of alterations or repairs made by Tenant; (iii) Tenant shall not deduct from Rent the costs of any repairs, alterations or improvements; and (iv) any deduction made by Tenant shall be considered unpaid Rent.

17. **KEYS; LOCKS:**
    A. Tenant acknowledges receipt of (or Tenant will receive ☐ prior to the Commencement Date, or ☐ _____ ):
       ☒ __2__ key(s) to Premises,            ☒ __2__ remote control device(s) for garage door/gate opener(s),
       ☐ _____ key(s) to mailbox,             ☐ _____ ,
       ☐ _____ key(s) to common area(s),      ☐ _____ .
    B. Tenant acknowledges that locks to the Premises ☒ have, ☐ have not, been re-keyed.
    C. If Tenant re-keys existing locks or opening devices, Tenant shall immediately deliver copies of all keys to Landlord. Tenant shall pay all costs and charges related to loss of any keys or opening devices. Tenant may not remove locks, even if installed by Tenant.

18. **ENTRY:**
    A. Tenant shall make Premises available to Landlord or Landlord's representative for the purpose of entering to make necessary or agreed repairs, decorations, alterations, or improvements, or to supply necessary or agreed services, or to show Premises to prospective or actual purchasers, tenants, mortgagees, lenders, appraisers, or contractors.
    B. Landlord and Tenant agree that 24-hour written notice shall be reasonable and sufficient notice, except as follows: 48-hour written notice is required to conduct an inspection of the Premises prior to the Tenant moving out, unless the Tenant waives the right to such notice. Notice may be given orally to show the Premises to actual or prospective purchasers provided Tenant has been notified in writing within 120 days preceding the oral notice that the Premises are for sale and that oral notice may be given to show the Premises. No notice is required: (i) to enter in case of an emergency; (ii) if the Tenant is present and consents at the time of entry or (iii) if the Tenant has abandoned or surrendered the Premises. No written notice is required if Landlord and Tenant orally agree to an entry for agreed services or repairs if the date and time of entry are within one week of the oral agreement.
    C. ☐ (If checked) Tenant authorizes the use of a keysafe/lockbox to allow entry into the Premises and agrees to sign a keysafe/lockbox addendum (C.A.R. Form KLA).

19. **SIGNS:** Tenant authorizes Landlord to place FOR SALE/LEASE signs on the Premises.

20. **ASSIGNMENT; SUBLETTING:** Tenant shall not sublet all or any part of Premises, or assign or transfer this Agreement or any interest in it, without Landlord's prior written consent. Unless such consent is obtained, any assignment, transfer or subletting of Premises or this Agreement or tenancy, by voluntary act of Tenant, operation of law or otherwise, shall, at the option of Landlord, terminate this Agreement. Any proposed assignee, transferee or sublessee shall submit to Landlord an application and credit information for Landlord's approval and, if approved, sign a separate written agreement with Landlord and Tenant. Landlord's consent to any one assignment, transfer or sublease, shall not be construed as consent to any subsequent assignment, transfer or sublease and does not release Tenant of Tenant's obligations under this Agreement.

21. **JOINT AND INDIVIDUAL OBLIGATIONS:** If there is more than one Tenant, each one shall be individually and completely responsible for the performance of all obligations of Tenant under this Agreement, jointly with every other Tenant, and individually, whether or not in possession.

Tenant's Initials ( *ML* )( *2/25/r* )
Landlord's Initials ( *ES* )( _____ )

Copyright © 1994-2007, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
**LR REVISED 1/06 (PAGE 3 OF 6)**

Reviewed by _____ Date _____

EQUAL HOUSING OPPORTUNITY

Premises: 2132 Vuelta Court
Carlsbad, CA 92009                                    Date: February 25, 2010

22. ☐ **LEAD-BASED PAINT (If checked):** Premises was constructed prior to 1978. In accordance with federal law, Landlord gives an Tenant acknowledges receipt of the disclosures on the attached form (C.A.R. Form FLD) and a federally approved lead pamphlet
23. ☐ **MILITARY ORDNANCE DISCLOSURE:** (If applicable and known to Landlord) Premises is located within one mile of an area onc used for military training, and may contain potentially explosive munitions.
24. ☐ **PERIODIC PEST CONTROL:** Landlord has entered into a contract for periodic pest control treatment of the Premises and sha give Tenant a copy of the notice originally given to Landlord by the pest control company.
25. ☐ **METHAMPHETAMINE CONTAMINATION:** Prior to signing this Agreement, Landlord has given Tenant a notice that a healt official has issued an order prohibiting occupancy of the property because of methamphetamine contamination. A copy of th notice and order are attached.
26. **DATABASE DISCLOSURE:** Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered se offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.meganslaw.ca.gov Depending on an offender's criminal history, this information will include either the address at which the offender resides or th community of residence and ZIP Code in which he or she resides. (Neither Landlord nor Brokers, if any, are required to check thi website. If Tenant wants further information, Tenant should obtain information directly from this website.)
27. **POSSESSION:**
   A. Tenant is not in possession of the premises. If Landlord is unable to deliver possession of Premises on Commencement Date such Date shall be extended to the date on which possession is made available to Tenant. If Landlord is unable to delive possession within 5 (or ☐ _____) calendar days after agreed Commencement Date, Tenant may terminate this Agreemen by giving written notice to Landlord, and shall be refunded all Rent and security deposit paid. Possession is deemed terminatec when Tenant has returned all keys to the Premises to Landlord.
   B. ☐ Tenant is already in possession of the Premises.
28. **TENANT'S OBLIGATIONS UPON VACATING PREMISES:**
   A. Upon termination of the Agreement, Tenant shall: (i) give Landlord all copies of all keys or opening devices to Premises, including any common areas; (ii) vacate and surrender Premises to Landlord, empty of all persons; (iii) vacate any/all parking and/or storage space; (iv) clean and deliver Premises, as specified in paragraph C below, to Landlord in the same condition as referenced in paragraph 10; (v) remove all debris; (vi) give written notice to Landlord of Tenant's forwarding address; and (vii) _____
   B. All alterations/improvements made by or caused to be made by Tenant, with or without Landlord's consent, become the property of Landlord upon termination. Landlord may charge Tenant for restoration of the Premises to the condition it was in prior to any alterations/improvements.
   C. **Right to Pre-Move-Out Inspection and Repairs as follows:** (i) After giving or receiving notice of termination of a tenancy (C.A.R. Form NTT), or before the end of a lease, Tenant has the right to request that an inspection of the Premises take place prior to termination of the lease or rental (C.A.R. Form NRI). If Tenant requests such an inspection, Tenant shall be given an opportunity to remedy identified deficiencies prior to termination, consistent with the terms of this Agreement. (ii) Any repairs or alterations made to the Premises as a result of this inspection (collectively, "Repairs") shall be made at Tenant's expense. Repairs may be performed by Tenant or through others, who have adequate insurance and licenses and are approved by Landlord. The work shall comply with applicable law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a good, skillful manner with materials of quality and appearance comparable to existing materials. It is understood that exact restoration of appearance or cosmetic items following all Repairs may not be possible. (iii) Tenant shall: (a) obtain receipts for Repairs performed by others; (b) prepare a written statement indicating the Repairs performed by Tenant and the date of such Repairs; and (c) provide copies of receipts and statements to Landlord prior to termination. Paragraph 28C does not apply when the tenancy is terminated pursuant to California Code of Civil Procedure § 1161(2), (3) or (4).
29. **BREACH OF CONTRACT; EARLY TERMINATION:** In addition to any obligations established by paragraph 28, in the event of termination by Tenant prior to completion of the original term of the Agreement, Tenant shall also be responsible for lost Rent, rental commissions, advertising expenses and painting costs necessary to ready Premises for re-rental. Landlord may withhold any such amounts from Tenant's security deposit.
30. **TEMPORARY RELOCATION:** Subject to local law, Tenant agrees, upon demand of Landlord, to temporarily vacate Premises for a reasonable period, to allow for fumigation (or other methods) to control wood destroying pests or organisms, or other repairs to Premises. Tenant agrees to comply with all instructions and requirements necessary to prepare Premises to accommodate pest control, fumigation or other work, including bagging or storage of food and medicine, and removal of perishables and valuables. Tenant shall only be entitled to a credit of Rent equal to the per diem Rent for the period of time Tenant is required to vacate Premises.
31. **DAMAGE TO PREMISES:** If, by no fault of Tenant, Premises are totally or partially damaged or destroyed by fire, earthquake, accident or other casualty that render Premises totally or partially uninhabitable, either Landlord or Tenant may terminate this Agreement by giving the other written notice. Rent shall be abated as of the date Premises become totally or partially uninhabitable. The abated amount shall be the current monthly Rent prorated on a 30-day period. If the Agreement is not terminated, Landlord shall promptly repair the damage, and Rent shall be reduced based on the extent to which the damage interferes with Tenant's reasonable use of Premises. If damage occurs as a result of an act of Tenant or Tenant's guests, only Landlord shall have the right of termination, and no reduction in Rent shall be made.
32. **INSURANCE:** Tenant's or guest's personal property and vehicles are not insured by Landlord, manager or, if applicable, HOA, against loss or damage due to fire, theft, vandalism, rain, water, criminal or negligent acts of others, or any other cause. Tenant is advised to carry Tenant's own insurance (renter's insurance) to protect Tenant from any such loss or damage. Tenant shall comply with any requirement imposed on Tenant by Landlord's insurer to avoid: (i) an increase in Landlord's insurance premium (or Tenant shall pay for the increase in premium); or (ii) loss of insurance.

Tenant's Initials ( MV )(2/25/10)
Landlord's Initials ( KS )( )

Reviewed by _____ Date _____



Copyright © 1994-2007, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
LR REVISED 1/06 (PAGE 4 OF 6)

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 4 OF 6)**

Premises: *2132 Vuelta Court*
*Carlsbad , CA   92009* _____ Date: *February 25, 2010*

**46. FOREIGN LANGUAGE NEGOTIATION:** If this Agreement has been negotiated by Landlord and Tenant primarily in Spanish, Chinese, Tagalog, Korean or Vietnamese. Pursuant to the California Civil Code Tenant shall be provided a translation of this Agreement in the language used for the negotiation.

**47. OWNER COMPENSATION TO BROKER:** Upon execution of this Agreement, Owner agrees to pay compensation to Broker as specified in a separate written agreement between Owner and Broker (C.A.R. Form LCA).

**48. RECEIPT:** If specified in paragraph 5, Landlord or Broker, acknowledges receipt of move-in funds.

> Landlord and Tenant acknowledge and agree Brokers: **(a)** do not guarantee the condition of the Premises; **(b)** cannot verify representations made by others; **(c)** cannot provide legal or tax advice; **(d)** will not provide other advice or information that exceeds the knowledge, education or experience required to obtain a real estate license. Furthermore, if Brokers are not also acting as Landlord in this Agreement, Brokers: **(e)** do not decide what rental rate a Tenant should pay or Landlord should accept; and **(f)** do not decide upon the length or other terms of tenancy. Landlord and Tenant agree that they will seek legal, tax, insurance and other desired assistance from appropriate professionals.

**Tenant agrees to rent the premises on the above terms and conditions.**

Tenant _[signed: Michael ____]_ Date _2/25/10_
Address ___ City ___ State ___ Zip ___
Telephone ___ Fax ___ E-mail ___

Tenant ___ Date ___
Address ___ City ___ State ___ Zip ___
Telephone ___ Fax ___ E-mail ___

☐ **GUARANTEE:** In consideration of the execution of the Agreement by and between Landlord and Tenant and for valuable consideration, receipt of which is hereby acknowledged, the undersigned ("Guarantor") does hereby: **(i)** guarantee unconditionally to Landlord and Landlord's agents, successors and assigns, the prompt payment of Rent or other sums that become due pursuant to this Agreement, including any and all court costs and attorney fees included in enforcing the Agreement; **(ii)** consent to any changes, modifications or alterations of any term in this Agreement agreed to by Landlord and Tenant; and **(iii)** waive any right to require Landlord and/or Landlord's agents to proceed against Tenant for any default occurring under this Agreement before seeking to enforce this Guarantee.

Guarantor (Print Name) ___
Guarantor ___ Date ___
Address ___ City ___ State ___ Zip ___
Telephone ___ Fax ___ E-mail ___

**Landlord agrees to rent the premises on the above terms and conditions.**
Landlord _[signed]_ Landlord ___
*Ruth Solorio*
Address *7668 El Camino Real Suite#104-726, La Costa, Ca 92009*   _760-889-1376_
Telephone *(858)337-3787* Fax ___ E-mail ___

**REAL ESTATE BROKERS:**
A. Real estate brokers who are not also Landlord under the Agreement are not parties to the Agreement between Landlord and Tenant.
B. Agency relationships are confirmed in paragraph 43.
C. **COOPERATING BROKER COMPENSATION:** Listing Broker agrees to pay Cooperating Broker (Leasing Firm) and Cooperating Broker agrees to accept: **(i)** the amount specified in the MLS, provided Cooperating Broker is a Participant of the MLS in which the Property is offered for sale or a reciprocal MLS; or **(ii)** ☐ (if checked) the amount specified in a separate written agreement between Listing Broker and Cooperating Broker.

Real Estate Broker (Listing Firm) ___ DRE Lic. # ___
By (Agent) ___ DRE Lic. # ___ Date ___
Address ___ City ___ State ___ Zip ___
Telephone ___ Fax ___ E-mail ___

Real Estate Broker (Leasing Firm) ___ DRE Lic. # ___
By (Agent) ___ DRE Lic. # ___ Date ___
Address ___ City ___ State ___ Zip ___
Telephone ___ Fax ___ E-mail ___

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
*a subsidiary of the California Association of REALTORS®*
• 525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by ___ Date ___

EQUAL HOUSING OPPORTUNITY

**LR REVISED 1/06 (PAGE 6 OF 6)**

RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 6 OF 6)

*Michael Geoff*

Premises: 2132 Vuelta Court Carlsbad, CA 92009                                                                                  Date: February 25, 2010

33. **WATERBEDS:** Tenant shall not use or have waterbeds on the Premises unless: (i) Tenant obtains a valid waterbed insurance policy; (ii) Tenant increases the security deposit in an amount equal to one-half of one month's Rent; and (iii) the bed conforms to the floor load capacity of Premises.
34. **WAIVER:** The waiver of any breach shall not be construed as a continuing waiver of the same or any subsequent breach.
35. **NOTICE:** Notices may be served at the following address, or at any other location subsequently designated:
    Landlord: _____  Tenant: _____
36. **TENANT ESTOPPEL CERTIFICATE:** Tenant shall execute and return a tenant estoppel certificate delivered to Tenant by Landlord or Landlord's agent within 3 days after its receipt. Failure to comply with this requirement shall be deemed Tenant's acknowledgment that the tenant estoppel certificate is true and correct, and may be relied upon by a lender or purchaser.
37. **TENANT REPRESENTATIONS; CREDIT:** Tenant warrants that all statements in Tenant's rental application are accurate. Tenant authorizes Landlord and Broker(s) to obtain Tenant's credit report periodically during the tenancy in connection with the modification or enforcement of this Agreement. Landlord may cancel this Agreement: (i) before occupancy begins; (ii) upon disapproval of the credit report(s); or (iii) at any time, upon discovering that information in Tenant's application is false. A negative credit report reflecting on Tenant's record may be submitted to a credit reporting agency if Tenant fails to fulfill the terms of payment and other obligations under this Agreement.
38. **MEDIATION:**
    A. Consistent with paragraphs B and C below, Landlord and Tenant agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to court action. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action.
    B. The following matters are excluded from mediation: (i) an unlawful detainer action; (ii) the filing or enforcement of a mechanic's lien; and (iii) any matter within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the mediation provision.
    C. Landlord and Tenant agree to mediate disputes or claims involving Listing Agent, Leasing Agent or property manager ("Broker"), provided Broker shall have agreed to such mediation prior to, or within a reasonable time after, the dispute or claim is presented to such Broker. Any election by Broker to participate in mediation shall not result in Broker being deemed a party to this Agreement.
39. **ATTORNEY FEES:** In any action or proceeding arising out of this Agreement, the prevailing party between Landlord and Tenant shall be entitled to reasonable attorney fees and costs, except as provided in paragraph 38A.
40. **C.A.R. FORM:** C.A.R. Form means the specific form referenced or another comparable form agreed to by the parties.
41. **OTHER TERMS AND CONDITIONS; SUPPLEMENTS:** ☐ Interpreter/Translator Agreement (C.A.R. Form ITA);
    ☐ Keysafe/Lockbox Addendum (C.A.R.Form KLA); ☐ Lead-Based Paint and Lead-Based Paint Hazards Disclosure (C.A.R. Form FLD)
    The following ATTACHED supplements are incorporated in this Agreement: _____
42. **TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES:** Time is of the essence. All understandings between the parties incorporated in this Agreement. Its terms are intended by the parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed except in writing. This Agreement is subject to California landlord-tenant law and shall incorporate all changes required by amendment or successors to such law. This Agreement and any supplement, addendum or modification, including any copy, may be signed in two or more counterparts, all of which shall constitute one and the same writing.
43. **AGENCY:**
    A. **CONFIRMATION:** The following agency relationship(s) are hereby confirmed for this transaction:
       Listing Agent: (Print firm name) _____
       is the agent of (check one): ☐ the Landlord exclusively; or ☐ both the Landlord and Tenant.
       Leasing Agent: (Print firm name) _____
       (if not same as Listing Agent) is the agent of (check one): ☐ the Tenant exclusively; or ☐ the Landlord exclusively; or ☐ both the Tenant and Landlord.
    B. **DISCLOSURE:** ☐ (If checked): The term of this lease exceeds one year. A disclosure regarding real estate agency relationships (C.A.R. Form AD) has been provided to Landlord and Tenant, who each acknowledge its receipt.
44. ☐ **TENANT COMPENSATION TO BROKER:** Upon execution of this Agreement, Tenant agrees to pay compensation to Broker as specified in a separate written agreement between Tenant and Broker.
45. ☐ **INTERPRETER/TRANSLATOR:** The terms of this Agreement have been interpreted for Tenant into the following language: _____. Landlord and Tenant acknowledge receipt of the attached interpretor/translator agreement (C.A.R. Form ITA).

Tenant's Initials ( MJ ) ( 4/25/10 )
Landlord's Initials ( CS ) ( _____ )

Copyright © 1994-2007, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
LR REVISED 1/06 (PAGE 5 OF 6)

Reviewed by _____ Date _____

RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 5 OF 6)